UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIRON WASHINGTON, JR.,

    Plaintiff,

v.                           Case No. 24-cv-1426-bhl

LT. JTS #1517,
SGT JM #1201,
SGT BB #1244
CAPTAIN S. BERAMIS,
DESIREE INGRAM,
NURSE FRATER,
DAVID W. ZOERNER,
THOMAS EYE CARE,
DONNA BRUINELLE BEARD,
DR. PILESKI-PERONA, and
KENOSHA COUNTY,

    Defendants.

## AMENDED SCREENING ORDER

Plaintiff Tiron Washington, Jr., who is currently confined at the Kenosha County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On November 19, 2024, he paid the $405 civil case filing fee. The Court will now screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Washington, on September 3, 2024, he was examined offsite at Thomas Eye Care for complaints of eye pain and vision challenges. Washington asserts he spoke with Dr. Donna Bruinelle Beard, who told him that he had or was at risk of developing glaucoma, which could be treated with medicated eye drops. Washington was informed by jail medical staff that Dr. Pileski-Perona is the person who performed the eye exam before he spoke with Dr. Beard.

2

Washington asserts that on October 7, 2024, he wrote to medical staff asking about the eye drops that had been prescribed. On October 23, 2024, he wrote a grievance complaining about eye pain even with his glasses on and again asked for the medicated eye drops. About a week later, on October 29, 2024, an officer (who is not a Defendant) and Defendant Nurse Frater allegedly spoke to Washington at his cell and informed him that his grievance would be denied because he did not need medicated eye drops. Washington explains that medical staff tried to tell him that the eye doctor had told him something different than he remembered her telling him. Washington remembers Dr. Beard telling him he had glaucoma and needed medicated eyedrops to stop the progression or he may eventually go blind.

Washington further states that, contrary to what Dr. Beard told him, medical staff at the jail have told him that he does not have symptoms of glaucoma. Washington explains that his eyesight has gotten worse, his eyes ache and water, and he suffers from serious headaches. According to Washington, Defendants JM #1201, LT JTS #1517, BB #1244, Desiree Ingram, and Nurse Frater all signed the grievance denying his request for medicated eye drops. He also asserts that they have refused to contact Dr. Beard to obtain more information about his condition.

## THE COURT'S ANALYSIS

Because Washington was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegations that Defendants failed to adequately respond to his complaints of eye pain and vision challenges. Under that standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cnty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead,

3

the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that: (1) the defendant acted purposefully, knowingly or perhaps recklessly, without regard to her subjective awareness of the risk of inaction, and (2) the defendant's response to the medical condition was objectively unreasonable. *Pittman*, 108 F.4th at 570–572.

With the foregoing standard in mind, the Court will allow Washington to proceed on medical care claims against Sgt. JM #1201, Lt. JTS #1517, Sgt. BB #1244, Desiree Ingram, and Nurse Frater based on allegations that they downplayed Washington's complaints of eye pain and vision problems and refused to provide medicated eyedrops as recommended by the eye specialist and/or refused to contact the eye specialist to clarify her orders despite Washington insisting the written orders were inconsistent with what she told him. Washington also states a state law claim for indemnification against Kenosha County under Wis. Stat. §895.46. *See, e.g., Wilson v. City of Chicago*, 120 F.3d 681, 685-87 (7th Cir. 1997) (rejecting the position that a claim for indemnification is premature until a judgment is entered).

Washington does not, however, state a claim against Captain S. Beramis or Sheriff David Zoerner based on allegations that they "are held responsible for allowing this to happen to [him] on their watch." Dkt. No. 1 at 8. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct, and the complaint includes no allegations suggesting that Beramis or Zoerner participated in deciding how to resolve Washington's complaints.

4

Case 2:24-cv-01426-BHL    Filed 01/03/25    Page 4 of 6    Document 7

Washington also fails to state a claim against Thomas Eye Care, Dr. Beard, and Dr. Pileski-Perona. Nothing suggests that Dr. Beard or Dr. Pileski-Perona had any involvement in jail medical staff's alleged failure to follow through on their instructions. Nor is there any basis to conclude that these defendants had the authority to order jail medical staff to follow their recommendations regarding the prescription of eyedrops. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that a defendant is liable for damages under §1983 only if she was personally responsible for the deprivation of a constitutional right). To the extent there is a difference between the written records documenting these defendants' instructions for his treatment and Washington's memory of what he was told, these differences would amount to negligence at most, which is not actionable under the Constitution. *See Pittman*, 108 F.4th at 570–572.

**IT IS THEREFORE ORDERED** that Washington fails to state a claim against S. Beramis, David Zoerner, Thomas Eye Care, Donna Bruinelle Beard, and Dr. Pileski-Perona, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Lt. JTS #1517, Sgt. JM #1201, Sgt. BB #1244, Desiree Ingram, Nurse Frater, and Kenosha County pursuant to Federal Rule of Civil Procedure 4. Washington is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Lt. JTS #1517, Sgt. JM #1201, Sgt. BB #1244, Desiree Ingram, Nurse Frater, and Kenosha County shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Washington is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge