UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIRON WASHINGTON, JR.,

                Plaintiff,

     v.                                        Case No. 24-cv-1426-bhl

LT. JTS #1517 et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Tiron Washington, Jr., who is representing himself, filed a complaint under 42 U.S.C. §1983. On January 2, 2025, the Court screened the complaint, and on February 21, 2025, Defendants filed their responsive pleading. Months later, on May 5, 2025, Washington filed a motion for leave to amend his complaint. About a week later, apparently after realizing he had inadvertently included the wrong case number in his first motion, Washington filed a second motion for leave to amend his complaint. Other than correcting the case number, the second motion appears to propose the same changes as the first motion.

Regardless, the Court will deny both motions as being moot and unnecessary. Washington does not propose to change any of the factual allegations in his original complaint. Instead, he seeks to increase his requested damages from $2,000,000 to $6,000,000.[1] But it is unnecessary for Washington to amend his complaint in the way he proposes because there is "no rule prohibiting a jury from awarding more damages than a plaintiff requests . . . so long as the award

---

[1] In the complaint, Washington seeks "compensatory, monitory [sic], and punitive damages," Dkt. No. 1 at 9, and in his proposed amended complaint, he seeks "pain and suffering, emotional distress, mental anguish, depression, stress, compensatory, monitory [sic], and punitive damages," Dkt. No. 40 at 1. But "pain and suffering, emotional distress, mental anguish, depression, and stress" are not separate categories of damages; they are injuries for which compensatory damages may be awarded.

has a reasonable basis in the evidence." *Garcia v. SigmaTron Int'l.*, 842 F.3d 1010, 1025 (7th Cir. 2016) (citing *Dresser Industries, Inc., Waukesha Engine Div. v. Gradall Co.*, 965 F.2d 1442, 1447 (7th Cir. 1992)). In other words, should Defendants be found liable, a jury will weigh the evidence and determine the amount of damages it believes Washington is entitled to, without regard to the amount of damages that he requests. Accordingly, because it is unnecessary for Washington to plead the specific amount of damages he believes he is entitled to, the Court will deny his motion for leave to amend his complaint to increase the dollar amount of his requested relief.

**IT IS THEREFORE ORDERED** that Washington's first motion for leave to amend his complaint (Dkt No. 40) is **DENIED** as moot and his second motion for leave to amend his complaint (Dkt. No. 41) is **DENIED** as unnecessary.

Dated at Milwaukee, Wisconsin on May 16, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge